■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Juan Dones, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 5, 1980, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's present challenges to his murder conviction were not raised in the trial court and thus have not been preserved for appellate review. In any event, we find defendant's contentions to be without merit. The prosecutor's brief reference in her opening statement to physical evidence, which was subsequently suppressed after a hearing which took place during the course of the trial, was made in good-faith reliance upon the admissibility of the evidence. On this point, we note that defense counsel had been aware of the existence of this evidence prior to trial but did not move for a suppression order until after the trial commenced. Moreover, defendant was not unduly prejudiced by the prosecutor's comment since the suppressed evidence was not the crux of the People's case nor were the items the only evidence linking defendant to the murder. Thus, given the absence of bad faith and undue prejudice, a reversal of the judgment of conviction on this ground is not warranted (see, People v De Tore, 34 NY2d 199, cert denied sub nom. Wedra v New York, 419 US 1025; People v Cruz, 100 AD2d 882; People v Donnelly, 89 AD2d 872).

We also find no error in that portion of the court's jury charge on the issue of burden of proof. The charge was proper and adequately conveyed the appropriate standard to be applied to the evidence adduced at trial. Finally, contrary to defendant's position, the prosecutor's summation did not by any interpretation so inflame the jury as to deprive him of a fair trial. Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.