THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID N., Appellant.

The defendant entered a plea of guilty to two counts of burglary in the second degree based on a promise that the court would impose a sentence of probation, community service and restitution. At the defendant's request, a hearing was held pursuant to Penal Law § 60.27 and CPL 400.30 to determine "the fruits of the offense or the loss or damage caused by the offense" (Penal Law § 60.27 [2]). At the hearing, the prosecution presented the testimony of the two burglary victims and a police officer who interviewed the defendant after his arrest. The burglary victims itemized their losses, which included cash, jewelry, and other items of personal property, and provided evidence as to the value of the items. The defendant's written admissions to the police and other documentary evidence coincided with and supported the victims' testimony as to both the items stolen and their value. The defendant was allowed complete cross-examination of the witnesses and an opportunity, which he declined, to call witnesses on his own behalf. The hearing court credited the evidence presented by the prosecutor and found that the victims' loss totaled $31,250.

Contrary to the defendant's contention on appeal, the evidence at the hearing was legally sufficient to establish the victims' loss from the commission of these offenses by a fair preponderance of the evidence (see, CPL 400.30 [4]). Nor was

the hearing court's determination against the weight of the evidence. Furthermore, the hearing court properly relied upon hearsay evidence to establish the value of some of the stolen items. CPL 400.30 (4), which is applicable to restitution hearings pursuant to Penal Law § 60.27, provides that at a hearing of this type, "[a]ny relevant evidence, not legally privileged, may be received regardless of its admissibility under the exclusionary rules of evidence". We also find that the defendant's claim that the court erred in relying on his statements to the police is without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.