■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS WALKER, Also Known as ELLIS KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered October 27, 1983, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in finding that he had no standing to raise the issue that his warrantless arrest was unlawful based upon *Payton v New York* (445 US 573). We disagree. The defendant failed to demonstrate that he had a reasonable expectation of privacy in the premises where he was arrested *(see, People v Rodriguez,* 69 NY2d 159; *People v Ponder,* 54 NY2d 160; *People v Van Buren,* 87 AD2d 900). The defendant's only witness at the suppression hearing was his grandfather, who lived with the defendant's mother, in the apartment where the arrest occurred. The grandfather testified that the defendant did not live in the apartment, but lived elsewhere in Queens and came to the apartment only occasionally, about once every two weeks. At the time of the arrest, the grandfather did not know that the defendant was in the apartment until he was discovered, by the police, in bed, in a back bedroom, which the grandfather referred to as "the baby boy's room." While "a person can have a legally sufficient interest in a place other than his own home so that the Fourth Amendment protects him from unreasonable governmental intrusion into the place" *(Rakas v Illinois,* 439 US 128, 142), it was incumbent upon the defendant to establish, at the suppression hearing, a factual predicate to support his contention that the warrantless arrest violated his rights under *Payton (supra);* this he failed to do. The evidence produced at the hearing does not establish that he enjoyed an enclave where he could reasonably expect to be secure against invasions of his privacy.

Rather, the evidence established that the defendant was a transient, who had no expectation of privacy in "the baby boy's room". Thus the evidence supported the trial court's conclusion that the defendant lacked the requisite standing to challenge the police entry into the apartment and bedroom *(see, People v Rodriguez, supra; People v Wood,* 31 NY2d 975; *People v McGaha,* 144 AD2d 388; *People v Van Buren,* 87 AD2d 900, *supra).*

The police had probable cause to arrest the defendant at the time he was taken into custody based primarily on the written and videotaped statements of the codefendant Riggens, who had admitted his participation in the crimes, provided details which were confirmed by independent police investigation, and incriminated the defendant *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398; *People v Rodriguez,* 52 NY2d 483; *People v Elwell,* 50 NY2d 231).

The defendant correctly contends that it was error to admit the confessions of the codefendant Riggens into evidence at their joint trial. When a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him *(Cruz v New York,* 481 US 186; *People v Ortiz,* 137 AD2d 727). Nevertheless, the defendant's own confession may be considered on appeal in assessing whether the error was harmless beyond a reasonable doubt *(see, Cruz v New York, supra; People v Hamlin,* 71 NY2d 750). In determining the impact on the jury of the codefendant's admissions, and whether they were sufficiently prejudicial to require reversal and a new trial, "we consider a number of factors, including how comprehensive defendant's statement is and whether it satisfactorily explains his or her part in the crime without reference to the codefendant's statement, whether it is corroborated or contradicted by other objective evidence, and whether defendant has reiterated it on one or more subsequent occasions" *(People v Hamlin, supra,* at 758). After considering these factors, we conclude that there is no reasonable possibility that the jury's assessment of the defendant's guilt was affected by the codefendant's statements. The defendant's written and videotaped statements were detailed, complete, and internally consistent. They were supported by objective corroborating evidence discovered at the scene of the crimes, as well as circumstantial evidence of the defendant's flight and the sale of the contraband he admitted

taking from the 91-year-old victim's apartment. Moreover, the defendant's videotaped statement was consistent with his written statement and, like that statement, provided crucial evidence which negated the defendant's affirmative defense to felony murder. Moreover, although the issue of the voluntariness of the defendant's statements was submitted to the jury, the defendant did not directly challenge these statements by taking the witness stand and there is nothing in the record to suggest that the jury did not accept his statements as voluntary and reliable.

We have considered the defendant's additional contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Kooper, Hardwood and Balletta, JJ., concur.