■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS CRAIG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered January 13, 1982, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Sherman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, who was arrested in a friend's home, failed to establish that he had a reasonable expectation of privacy in the premises (see, People v Rodriguez, 69 NY2d 159, 163; People v Ponder, 54 NY2d 160, 166; People v Walker, 150 AD2d 408). Thus he did not have the standing to challenge the search which produced a gun. At trial, the prosecution made an adequate showing connecting the defendant, the gun and the crime (see, People v Mirenda, 23 NY2d 439). Uncertainties as to the identification of the gun go to its weight as evidence, and not to its admissibility (see, People v Miller, 17 NY2d 559; People v Dinkins, 139 AD2d 759, 760).

The prosecutor did not act in bad faith in withdrawing the gun from evidence after it had been displayed and identified by a witness in front of the jury. The initial introduction of the gun was based on the prosecutor's good-faith expectation that the detective who seized it would be permitted to testify about the circumstances of the seizure. In addition, the defendant was not unduly prejudiced by the introduction and withdrawal of the gun from evidence. Both complainants identified the defendant as one of the persons who robbed them. In addition, a witness who knew the defendant for a number of years prior to this incident testified that he saw the

defendant near the complainants immediately before the rob-' bery. Given the absence of bad faith and undue prejudice, a reversal of the judgment of conviction on this ground is not warranted *(cf., People v Dones,* 114 AD2d 466, 467; *People v Donnelly,* 89 AD2d 872, 873).

We note that the objections the defendant raises to the prosecutor's summation were previously reviewed by this court upon the codefendant's appeal *(see, People v Scatliffe,* 117 AD2d 827, 828-829). The finding that certain comments in the prosecutor's summation were not unduly prejudicial and did not warrant reversal is equally applicable to this defendant. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.