■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONDON LYONS, Appellant. [602 NYS2d 924] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 11, 1992, convicting him of burglary in the first degree and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant testified that at approximately 5:15 A.M., she was awakened and saw the defendant standing in her bedroom, bare chested with his shorts dropped to his ankles exposing his underwear and a shirt wrapped around his head like a mask. The defendant held a knife to her throat, pulled her out of bed, and dragged her out of the house. The complainant recognized the defendant, by observing his body and listening to his voice, to be an acquaintance from her neighborhood whom she had known for 10 years. When she addressed the defendant by name and her teen-age son appeared on the scene, the defendant uttered a profanity and ran away. Two detectives testified that the defendant waived his *Miranda* rights and then confessed to breaking into the complainant's home with the intent to rape her and that he detailed the acts that he committed in furtherance of his intent.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The evidence established that the defendant acted with the specific intent of raping the victim and that his actions were sufficient to establish that he acted to carry the project forward within dangerous proximity to the criminal end to be attained. Therefore, contrary to the defendant's contention, the evidence was legally sufficient to establish his guilt of attempted rape in the first degree beyond a reasonable doubt *(see,* Penal Law §§ 130.35, 110.00; *People v Pereau,* 64 NY2d 1055; *People v Haims,* 171 AD2d 878; *see also, People v Mahboubian,* 74 NY2d 174; *People v Coleman,* 74 NY2d 381; *People v Bracey,* 41 NY2d 296). Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the complainant's identifi-

cation of the defendant was insufficient to establish his identity is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) and, in any event, is without merit. The complainant testified that she recognized the defendant's body and voice. She also testified that she had known the defendant for 10 years, he had been in her house on many occasions, she had observed him on many occasions wearing shorts without a shirt, and that she had prior conversations with the defendant. An identification may be based upon height, weight, size, clothing, walk, or voice and is not precluded merely because the witness did not see the defendant's face *(see, People v Collins,* 60 NY2d 214; *Matter of Ryan W.,* 143 AD2d 435). Moreover, contrary to the defendant's contention that there was no evidence corroborating the defendant's identity, the defendant's confession sufficiently corroborated his identity.

The defendant's remaining contentions are unpreserved for appellate review and in any event are without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.