■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE NICHOLSON, Appellant. [648 NYS2d 33] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered March 1, 1993, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 7, 1991, at approximately 1:30 A.M., the defendant, armed with a gun, robbed a limousine driver. A few minutes later, the defendant and another man were spotted and pursued by the police. During the course of the pursuit, the defendant ran past a police sergeant who observed the defendant holding what appeared to be a gun. The sergeant, who by then had joined the chase, observed the defendant make a throwing motion but did not see what the defendant threw. After several hours of searching, the sergeant found a gun near the location where he had observed the defendant appear to throw something away. Although the victim described the pistol used in the robbery as silver in color, the one found by the sergeant was black.

The gun found by the sergeant was properly admitted into evidence since the prosecution sufficiently connected the defendant to the gun and the robbery. Any uncertainty as to the identification of the gun goes to the weight to be given to it and not to its admissibility (*see generally, People v Mirenda,* 23 NY2d 439, 452-453; *see also, People v Craig,* 155 AD2d 550).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was neither excessive nor unduly harsh (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., O'Brien, Sullivan and Florio, JJ., concur.