■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. JENKS, Appellant. [657 NYS2d 229] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 22, 1996, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree and criminal trespass in the second degree.

On October 20, 1994, beginning in the late afternoon and continuing steadily throughout the night, defendant drank heavily, first alone, and then accompanied by his brother-in-law, George Farnham. After patronizing one local bar and then a second, defendant's recollection of the events through the remainder of the evening and the early morning hours of the following day were sketchy at best. Apparently, defendant, together with Farnham, returned to the first bar and, at

---

around midnight or shortly thereafter, returned to Farnham's home. Defendant, although clearly intoxicated, attempted to drive home and remembers only that he jammed on his brakes and ended up in a ditch. Although defendant claims not to remember his subsequent actions, at around 2:00 A.M. he entered the home of the victim, a single woman in her 40s.

At that time, the victim awoke; sensing the presence of a person on the side of her bed. Realizing that it was not her boyfriend, she attempted to escape, but defendant, naked, pinned her down with his stomach on her back. Brandishing an open knife about 10 inches from the victim's face, defendant threatened, "Don't struggle, don't struggle and I won't hurt you". From this point forward, the victim, in an attempt to avoid physical contact and to escape, engaged defendant in sporadic conversation. Although during the course of the events she was touched in the vaginal area, she managed to flee. Bolting out of her house and into her car, the victim called for emergency assistance from her cellular telephone. The authorities escorted the victim back to her house and found defendant sleeping in a chair.

Defendant was charged with attempted rape in the first degree, sexual abuse in the first degree and criminal trespass in the second degree. Following a jury trial, defendant was found guilty on all three counts of the indictment. Sentenced to concurrent indeterminate terms of incarceration of $2^1/_3$ to 7 years on the first two counts and a conditional discharge on the third count, defendant appeals. We affirm.

Contrary to defendant's contention, legally sufficient evidence exists to support his convictions for attempted rape in the first degree and sexual abuse in the first degree. It is well settled that in order to prove the legal sufficiency of a jury verdict, it must be determined "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Here, viewed in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413), the evidence, as related by the victim, established that defendant, uninvited and unclothed, forced the victim down on her bed displaying a knife as well as making verbal threats. On such proof, it can be concluded that defendant's intent was to rape the victim and that defendant's actions came within dangerous proximity of reaching that end (*see, People v Bracey*, 41 NY2d 296, 299-300; *People v Glover*,

107 AD2d 821, *affd* 66 NY2d 931, *cert denied* 476 US 1161; *People v Pereau*, 99 AD2d 591, 592, *affd* 64 NY2d 1055).

Likewise, the victim's testimony that defendant touched her vaginal area supports the conviction of sexual abuse in the first degree (*see*, Penal Law § 130.65 [1]). Given the evidence supporting the attempted rape conviction, there is no merit to defendant's argument that his actions were for a purpose other than to gratify his sexual desires (*see*, Penal Law § 130.00 [3]; *People v Teicher*, 52 NY2d 638, 646-647; *People v Dehler*, 216 AD2d 643, 644-645, *lv denied* 86 NY2d 734; *People v Farren*, 178 AD2d 913). Furthermore, based upon our factual review power, we find that the convictions were not against the weight of the evidence and that, despite defendant's intoxication, the requisite intent was present (*see*, *People v Bleakley*, *supra*, at 495). To the extent that defendant argues that the weight of the evidence supported the opinion of his experts that he was unable to appreciate the consequences of his actions by way of pathological intoxication,* we note only that the jury was free to accept the testimony of the People's expert who rendered an opposite opinion (*see*, *People v Duffy*, 185 AD2d 528, 529, *lv denied* 80 NY2d 903).

Addressing defendant's contention that a renunciation charge should have been given and that sufficient evidence of renunciation exists to exonerate him of attempted rape in the first degree, we initially note, as even conceded by defendant, that such a charge was not requested; accordingly it is unpreserved for our review (*see generally*, CPL 470.05 [2]). Even if the issue were properly before us, there is insufficient evidence of renunciation in the record to warrant such a charge and, likewise, for the jury to exonerate him based upon such evidence. The evidence shows that it was the victim's artful persuasion that prevented the commission of the crime rather than defendant's "voluntary and complete renunciation of his criminal purpose" (Penal Law § 40.10 [3]). Only through the victim's conversation were tensions eased somewhat after their initial encounter. Nevertheless, defendant continued to maintain a close proximity to the victim and even after he folded his knife, he refused to release it from his possession. Finally, the victim managed to escape only after defendant stepped away to use the bathroom. These circumstances "strongly suggest[ ] that the criminal enterprise was continuing and that what prevented its completion was not defendant's

---

* Pathological intoxication, or alcohol intoxication delirium, is an atypical intoxication resulting from an abnormal reaction to alcohol, including irrational and uncontrollable behavior.

intention to abandon it but the victim's escape" (*People v Taylor*, 80 NY2d 1, 14-15).

Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction in defendant's sentence (*see, People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899).

Mikoll, Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.