■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY BOONE, Appellant. [658 NYS2d 895] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered April 14, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion

by admitting into evidence the gun turned over to the police by one of the witnesses to the incident in question, within hours after the defendant was seen in possession of the gun. The connection between the defendant and the gun was not so tenuous as to be improbable *(see, People v Mirenda,* 23 NY2d 439, 453; *see also, People v Connelly,* 35 NY2d 171, 174; *People v Nicholson,* 231 AD2d 533; *People v Jennings,* 173 AD2d 733; *People v Morales,* 161 AD2d 806). Any uncertainty as to the identification of the gun goes to its weight as evidence and not to its admissibility *(see, People v White,* 40 NY2d 797, 799-800; *see also, People v Nicholson, supra; People v Craig,* 155 AD2d 550).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.