■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY SYLVESTER, Also Known as CHUCK SYLVESTER, Appellant. [668 NYS2d 798] —Judgment unanimously affirmed. Memorandum: County Court properly exercised its discretion in denying defendant's motion for a separate trial of certain counts of the indictment. Defendant failed to show that he would be unduly prejudiced by a single trial, i.e., that the quantum of proof concerning one incident would be substantially greater than for the other incident and that there was a substantial likelihood that the jury would be unable to consider separately the proof regarding each incident or that he had important testimony to give with respect to one incident and a genuine need to refrain from testifying with respect to the other incident (*see,* CPL 200.20 [3]; *People v Lane,* 56 NY2d 1, 8-9).

We reject the contention that voice identification evidence is legally insufficient to support defendant's conviction of the first three counts of the indictment. The victim was familiar with defendant's voice. He had known defendant for 11 years, and, during that time, defendant, who had fathered a child with the victim's niece, had frequently visited the home of the victim and had performed gardening chores for him (*see, People v Greco,* 230 AD2d 23, 30, *lv denied* 90 NY2d 858, 940; *People v Buchanon,* 186 AD2d 864, 866, *lv denied* 81 NY2d 785, 882). We further conclude that the verdict is not contrary to the

weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.