■ The People of the State of New York, Respondent, v James W. Brown, Appellant. [674 NYS2d 149] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 22, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree and attempted sexual abuse in the first degree.

On August 15, 1995, at approximately 5:00 A.M., the victim, who had been asleep on her couch in the living room of the apartment she shared with her mother and her mother's boyfriend, awoke to find a man's hand approximately four to five inches above her breast. The man turned and ran into the kitchen. Believing the man to be her boyfriend, the victim called out for the man to "come here". When the man complied, she recognized him as defendant, her next door neighbor. The victim, who did not know defendant's name and had no previous relationship with him, inquired as to why he was in her house and how he had entered. Defendant responded that he was there because he liked her and that he had entered through the open back door, which the victim knew to be untrue because it was closed when she retired. The victim got up and told defendant that he had to leave and began walking to the front door. Defendant walked toward her and reached out to touch her. He asked her if she wanted to "fool around"

and she replied in the negative, pushing his hand away when it was approximately four to five inches from her breasts. She again told him to leave and he complied.

Defendant was indicted on the charges of burglary in the second degree and attempted sexual abuse in the first degree. The matter proceeded to trial and at the close of the People's case, County Court denied defendant's motion for a trial order of dismissal (*see*, CPL 290.10 [1]). The jury found defendant guilty of both charges and he was sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years on the burglary conviction and 2 to 4 years on the attempted sexual abuse conviction.

Defendant contends that the jury's verdict finding him guilty of attempted sexual abuse in the first degree is not supported by legally sufficient evidence in that the People failed to prove forcible compulsion, a necessary element of the crime (*see*, Penal Law § 130.65 [1]). We agree. As relevant here, " '[f]orcible compulsion' means to compel by either: * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself or another person" (Penal Law § 130.00 [8] [a], [b]; *see*, *People v Archer*, 232 AD2d 820, 820-821, *lv denied* 89 NY2d 1087). Viewing the evidence in the light most favorable to the prosecution, we find that the jury could not have rationally inferred that defendant intended to accomplish the sexual contact through forcible compulsion (*see*, *People v Sirno*, 151 AD2d 621, *affd* 76 NY2d 967; *People v Mendez*, 133 AD2d 351, *lv denied* 70 NY2d 958; *compare*, *People v Thompson*, 72 NY2d 410, 416; *People v Miller*, 226 AD2d 833, 836, *lv denied* 88 NY2d 939; *People v Bailey*, 178 AD2d 846, *lv denied* 79 NY2d 943). However, the People did present sufficient evidence to support a conviction of the lesser included offense of attempted sexual abuse in the third degree, a class B misdemeanor (*see*, CPL 470.15 [2] [a]; Penal Law § 110.05 [8]; § 130.55), because there was no reasonable view of the evidence that defendant did not possess the intent to engage in sexual contact without the victim's consent. Accordingly, defendant's conviction for attempted sexual abuse in the first degree under the second count of the indictment is reduced to attempted sexual abuse in the third degree.

We now turn to whether the People established defendant's guilt of burglary in the second degree by legally sufficient evidence. Ordinarily to sustain a burglary charge, the People are not required to demonstrate the exact crime which a defendant intended to commit at the time he or she entered or remained

unlawfully in a building (see, *People v Mackey*, 49 NY2d 274, 278-281). Here, although the first count of the indictment did not specifically limit the burglary charge to a particular crime, the victim's testimony effectively limited the People's theory to one of attempted sexual abuse. Therefore, we agree with defendant that the People must be held to that narrower theory in determining the sufficiency of the evidence presented on the burglary charge (see, *People v Barnes*, 50 NY2d 375, 379 n 3). Unquestionably, defendant's entry into the premises was unlawful inasmuch as it was effected without permission. Furthermore, we find that upon entry, defendant possessed the intent to commit sexual abuse as no other rational inference can be drawn from his actions in approaching the victim and extending his hand to within inches of her breasts, asking if she wanted to "fool around". Accordingly, we find the evidence legally sufficient beyond a reasonable doubt to support the conviction for burglary in the second degree under the first count of the indictment.

We find no merit to defendant's contention that his sentence, as it pertains to the burglary conviction, was harsh and excessive. Although it was the longest sentence permitted, the sentence was within the statutory parameters for a second felony offender convicted of burglary in the second degree (see, Penal Law §§ 140.25, 70.06 [3] [c]; [4] [b]). Considering the nature of the crime and defendant's previous involvement with the law, we find no abuse of the sentencing court's discretion and no extraordinary circumstances warranting a modification (see, *People v Parker*, 220 AD2d 815, *lv denied* 87 NY2d 1023). As far as the conviction of sexual abuse in the third degree, since defendant has already served the maximum sentence on the reduced crime (see, Penal Law § 70.15 [2]), there is no need to remit the matter for resentencing (see, *People v Cooper*, 247 AD2d 402, 403; *People v Murphy*, 166 AD2d 805, 806).

The remaining arguments advanced by defendant in his *pro se* brief have been examined and rejected due to defendant's failure to make timely objections or because they lack merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction of attempted sexual abuse in the first degree under the second count of the indictment to attempted sexual abuse in the third degree, and, as so modified, affirmed.