■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WOODS, Also Known as GEORGE PACE, Appellant. [732 NYS2d 806] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of one count each of robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]) and endangering the welfare of a child (Penal Law § 260.10 [1]), and two counts of robbery in the second degree (Penal Law §§ 20.00, 160.10 [1], [2] [a]). Contrary to defendant's contention, the identification evidence is legally sufficient to support the conviction. The two robbery victims, each of whom had known defendant for a number of years and were familiar with his voice, identified defendant as one of the robbers by his

voice (see, People v Sylvester, 247 AD2d 886, lv denied 91 NY2d 1013; People v Greco, 230 AD2d 23, 30, lv denied 90 NY2d 858, 940). In addition, an eyewitness, who also had known defendant for a number of years, made a visual identification of defendant as defendant ran away from the scene of the crime. The fact that the robbery victims chose not to identify defendant on the night of the incident "is not contrary to experience" and does not render their testimony incredible as a matter of law (People v Ventura, 171 AD2d 553, 555, lv denied 77 NY2d 1002). Bearing in mind that credibility issues are for the jury to determine (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (see, People v Bleakley, 69 NY2d 490, 495). We further conclude that the verdict is not against the weight of the evidence (see, People v Bleakley, supra, at 495).

There is also no merit to the contention of defendant that he was deprived of a fair trial by prosecutorial misconduct. Supreme Court properly sustained defendant's objections, struck the objectionable questions and comments, and issued an appropriate curative instruction, thereby eliminating any prejudice to defendant (see, People v Marzug, 280 AD2d 974, 975, lv denied 96 NY2d 904; People v Fonder, 211 AD2d 445, 446, lv denied 85 NY2d 938).

Defendant failed to preserve for our review his contention that the indictment should be dismissed because the People failed to inform the Grand Jury of exculpatory evidence. "The proper remedy for improper conduct before the Grand Jury is a motion to dismiss the indictment under CPL 210.35 (5)" (People v Gilliam, 172 AD2d 1037, lv denied 78 NY2d 966). In any event, the defect, if any, was cured by defendant's use of the alleged exculpatory evidence at trial. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.