■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOLSTER, Appellant. [748 NYS2d 533] —Mugglin, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered October 11, 1996, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts) and burglary in the second degree.

Defendant, on trial for burglary in the second degree and the first degree rape of a minor female, took the stand in his own defense to deny that he had sexual intercourse with the child. After defendant testified, the People called a rebuttal witness who testified that defendant had a reputation for deceitfulness and dishonesty in the community. The jury subsequently convicted defendant and he was sentenced to 12½ to 25 years in prison on each of his two rape convictions and 2½ to 5 years in prison on his burglary conviction. The primary issue on this appeal is defendant's claim that the introduction of this "character evidence" constituted reversible error. We disagree and affirm.

As an initial matter, we note that, unlike his appellate argument, defendant's only objection to the admissibility of the disputed testimony at trial was the lack of a proper foundation. Defendant's failure to make a specific objection encompassing the argument presently advanced renders it unpreserved for review by this Court (see People v Soulia, 263 AD2d 869, 871, lv denied 94 NY2d 829; People v Lewis, 125 AD2d 918, 919, lv denied 69 NY2d 882). Furthermore, our review of the record reveals no basis to reverse or modify defendant's convictions in the interest of justice (see CPL 470.15 [6] [a]). Defendant's appellate argument inappropriately attempts to apply the rules governing the admissibility of character evidence to the rules governing the admissibility of evidence offered solely to impeach the credibility of a witness. It is beyond dispute that the credibility of a defendant who testifies in his own behalf may be attacked in the same fashion as that of any other witness, and may include testimony concerning the defendant's reputation in the community for truth and veracity (see People v Pavao, 59 NY2d 282, 290; People v Zackowitz, 254 NY 192, 199; People v Hinksman, 192 NY 421, 432). Here, the rebuttal testimony was limited to defendant's community reputation for truthfulness and did not involve inadmissible testimony regarding defendant's general character. Thus, even if the issue were preserved, County Court's admission of the testimony does not constitute reversible error as urged by defendant. We have examined defendant's remaining arguments and find them to be without merit.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.