■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL HORNEDO, Appellant. [759 NYS2d 84] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered November 1, 2000, convicting him of manslaughter in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statement to the police and identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the police unlawfully arrested him in his mother's apartment (see Payton v New York, 445 US 573 [1980]; People v Minley, 68 NY2d 952 [1986]). However, we agree with the hearing court that the defendant failed to demonstrate that he had a legitimate expectation of privacy in his mother's apartment (see People v Ponder, 54 NY2d 160 [1981]; People v Zheng, 266 AD2d 471 [1999]; People v Adames, 168 AD2d 623 [1990]; People v Walker, 150 AD2d 408 [1989]). The evidence adduced at the hearing indicated that the defendant was living with his girlfriend at another location at the time of his arrest. He acknowledged that he stayed with his girlfriend for long periods of time and kept his clothes there, and his name and personal information appeared on the lease to his girlfriend's apartment. The hearing court found that the defendant's testimony that he lived in his mother's apartment and spent the night before his arrest there was not credible. The hearing court stated that it "cannot credit any" of the defendant's testimony "in light of the defendant's willingness to tailor his testimony to the needs of the moment."

At the hearing, the defense counsel specifically stated that

he was not challenging the photographic array. Therefore, review of that issue was waived (*see People v Hernandez,* 297 AD2d 389 [2002], *lv denied* 98 NY2d 768 [2002]). We agree with the hearing court that the lineup was not suggestive.

The defendant was not unduly prejudiced by the prosecutor's questionable remarks, given the trial court's prompt curative instructions (*see People v Tosca,* 98 NY2d 660, 661 [2002]). S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.