■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ALISEO, Appellant. [805 NYS2d 98]—

Appeals by the defendant, by permission, from two orders of the Supreme Court, Westchester County (DiFiore, J.), both dated January 23, 2004, which, after a restitution hearing held in connection with his conviction of burglary in the second degree under Westchester County Superior Court Information No. 95-00065, directed him to make restitution to the complainants in the amounts of $21,800 and $1,675, respectively.

Ordered that the orders are affirmed.

The defendant pleaded guilty, inter alia, to burglary in the second degree under Westchester County Superior Court Information No. 95-00065 in exchange for a negotiated sentence and the payment of restitution in the approximate amount of $30,000. At sentencing, the defendant acknowledged his obligation to pay restitution as set forth in two orders issued by the court and did not voice any objection to those orders. The defendant subsequently moved for a restitution hearing pursuant to Penal Law § 60.27, which was granted and which resulted in the two restitution orders currently under review.

The defendant's challenge to the adequacy of the evidence of value presented by the prosecution at the restitution hearing is improperly raised on this appeal, as the defendant did not dispute the accuracy of that evidence in the hearing court, and his counsel expressly advised the court that the defendant was not challenging the contents of the complainants' affidavits (*see People v Hornedo*, 303 AD2d 602 [2003]; *People v Hernandez*, 297 AD2d 389 [2002]; *People v Masten*, 215 AD2d 892 [1995]). Moreover, the uncontroverted sworn evidence presented by the prosecution satisfied its burden of proving the amount of restitution by a preponderance of the evidence (*see* CPL 400.30 [4]; *see e.g. People v Kim*, 91 NY2d 407 [1998]; *People v Drew*, 16 AD3d 840 [2005]; *People v Francis L.M.*, 278 AD2d 919 [2000]; *People v David N.*, 140 AD2d 460 [1988]). Furthermore, while the defendant vaguely asserted at the hearing that some of the property he stole might have been returned to the victims, he failed to identify any such property or to indicate that any purported returned property was the subject of the complainants' claims for restitution. Accordingly, his speculative and conclusory assertion failed to raise a genuine issue in this regard.

The defendant has not preserved for appellate review his current contention that the hearing court failed to consider his ability to pay restitution (*see generally People v Vasquez*, 66 NY2d 968 [1985], *cert denied* 475 US 1109 [1986]; *People v Martin*, 50 NY2d 1029 [1980]; *People v Wallace*, 304 AD2d 680 [2003]; *People v Sergeant*, 281 AD2d 438 [2001]). In any event, his contention is belied by his agreement to pay the restitution at the time of his plea, and by his subsequent, repeated acknowledgment of that obligation.

Finally, to the extent it can be reviewed on appeal (*see People v Kim, supra* at 412; *People v Chiera*, 255 AD2d 685, 686 [1998]), the defendant's contention that he was denied the effective assistance of counsel at the restitution hearing is without merit.

The record demonstrates that counsel helped procure a substantial reduction in the amount of restitution owed and otherwise provided meaningful representation (*see generally People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.