THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SMALL, Appellant. [901 NYS2d 713]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 23, 2008, convicting him of burglary in the second degree, attempted rape in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, and as a matter of discretion in the interest of justice, by vacating the conviction of attempted rape in the first degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that his conviction of attempted rape in the first degree is based upon legally insufficient evidence. Although his contention is unpreserved for appellate review (*see People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Hines*, 97 NY2d 56, 61 [2001]), we exercise our power to review it as a matter of discretion in the interest of justice.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish the defendant's guilt beyond a reasonable doubt with respect to the crime of attempted rape in the first degree. The complainant testified that after entering her home through a window, the defendant ushered her into the bedroom, and acquiesced thereafter to her request that she be permitted to sit on the floor rather than the bed. He then "tried" to kiss her, "tried" to unbutton her blouse, and told her that she was "hot." According to the complainant, the defendant "didn't know what to do." There is no evidence that the defendant undressed at any point. Moreover, the complainant did not testify that the defendant tried to rape her.

While it can be inferred from these facts that the defendant intended to engage in some form of nonconsensual sexual contact (*see e.g. People v Brown*, 251 AD2d 694, 696 [1998]), there was no evidence that he attempted to engage in sexual intercourse by forcible compulsion pursuant to Penal Law § 130.35 (1) (*cf. People v Estep*, 285 AD2d 726, 727 [2001]; *People v Jenks*, 239 AD2d 673, 674 [1997]; *People v Lyons*, 197 AD2d 708 [1993]; *see also People v Brown*, 251 AD2d at 694-695). Accordingly, the conviction of attempted rape in the first degree and the sentence

imposed thereon must be vacated, and that count of the indictment must be dismissed.

The defendant further contends that his conviction of burglary in the second degree must be reversed because the People limited their theory of the burglary prosecution to intent to commit rape, which they failed to prove. This contention is unpreserved for appellate review (*see People v Mestres*, 41 AD3d 618 [2007]; *People v Thomas*, 38 AD3d 1134, 1136 [2007]) and, in any event, is without merit (*see People v Ramadhan*, 50 AD3d 339 [2008]; *People v Thomas*, 38 AD3d at 1136; *People v Williams*, 38 AD3d 327, 327-328 [2007]).

The defendant's contention that the identification evidence was legally insufficient to support his burglary in the second degree and unlawful imprisonment convictions is unpreserved for appellate review (*see People v Kolupa*, 13 NY3d at 787; *People v Lyons*, 197 AD2d at 708-709). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt (*see People v Mills*, 20 AD3d 779, 780-781 [2005]; *People v Sylvester*, 247 AD2d 886 [1998]; *People v Lyons*, 197 AD2d at 709). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in admitting into evidence an empty beer can found near the crime scene is similarly unpreserved for appellate review (*see People v Bolster*, 298 AD2d 705 [2002]) and, in any event, is without merit (*see People v Shenouda*, 283 AD2d 446 [2001]; *People v Boone*, 239 AD2d 427, 427-428 [1997]).

The defendant's contention on appeal that his unlawful imprisonment conviction is barred by the merger doctrine is without merit.

The defendant's Sixth Amendment right to confront witnesses was not violated by the County Court's admission into evidence of certain DNA evidence (*see People v Brown*, 13 NY3d 332, 335 [2009]; *People v Dail*, 69 AD3d 873, 874 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.