*881 Contrary to the People’s contention, the defendant’s claim that the evidence was legally insufficient to support his conviction of robbery in the second degree under Penal Law § 160.10 (1) is preserved for appellate review (see CPL 470.05 [2]). However, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of robbery in the second degree and criminal possession of stolen property in the fifth degree beyond a reasonable doubt (see People v John, 51 AD3d 819, 820 [2008]; People v Lyons, 197 AD2d 708, 709 [1993]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed for the defendant’s conviction of robbery in the second degree was not excessive (see People v Suitte, 90 AD2d 80 [1982]). However, as the defendant argues, and the People correctly concede, the sentence imposed on the defendant’s conviction of attempted assault in the second degree, after his previous sentence of probation was revoked, was improper. The sentencing court incorrectly imposed a determinate sentence, and an indeterminate sentence is required (see Penal Law § 70.00 [2] [e]; [3] [b]). Accordingly, we remit the matter to the Supreme Court, Queens County, for resentencing on the defendant’s conviction of attempted assault in the second degree. Eng, P.J., Dillon, Balkin and Sgroi, JJ., concur.