■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN MAIS, Appellant. [20 NYS3d 129]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered November 24, 2010, convicting him of burglary in the second degree, attempted rape in the first degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of attempted rape in the first degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the People's contention, the defendant's challenge to the legal sufficiency of the evidence supporting his conviction of attempted rape in the first degree is preserved for appellate review. His argument in support of his trial motion of dismissal was sufficiently specific to alert the court to his position (*see* CPL 470.05 [2]; *People v Alke*, 90 AD3d 943, 944 [2011]; *People v Demolaire*, 55 AD3d 621, 621 [2008]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt of attempted rape in the first degree beyond a reasonable

doubt. The complainant testified that she was sleeping in her bedroom when she awakened to find the defendant, who had entered her house through a window, standing in her bedroom. He initially demanded money from her. After she told him twice that she had none, he yelled at her "take your clothes off." He then walked around the left side of the bed towards her, again yelled "take your clothes off," and pulled back her bed covers. After he pulled down the covers, she began screaming and he turned and ran out. There was no evidence that the defendant touched the complainant or that he made a verbal demand to have sexual intercourse with her. Additionally, there was no evidence that the defendant undressed or that any of the complainant's clothes were removed.

Although it could be reasonably inferred from the evidence adduced at trial that the defendant intended to engage in some type of criminal sexual conduct, it cannot be inferred that he attempted to engage in sexual intercourse by forcible compulsion pursuant to Penal Law § 130.35 (1) (see People v Small, 74 AD3d 843, 844 [2010]; cf. People v Clyde, 18 NY3d 145 [2011]; People v Pereau, 64 NY2d 1055 [1985]; People v Jackson, 11 AD3d 369 [2004]; People v Lyons, 197 AD2d 708 [1993]). Accordingly, the conviction of attempted rape in the first degree and the sentence imposed thereon must be vacated, and that count of the indictment must be dismissed.

The defendant's contention that the identification evidence was legally insufficient to support his convictions of burglary in the second degree and attempted robbery in the third degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Pitre, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor during summation deprived him of a fair trial is

unpreserved for appellate review, as defense counsel either did not object to the challenged remarks or made only general objections (*see* CPL 470.05 [2]; *People v Alvarado*, 126 AD3d 803, 805 [2015]; *People v Taylor*, 120 AD3d 519, 520 [2014]). In any event, the challenged summation remarks were fair comment on the evidence, constituted a fair response to defense counsel's summation, or otherwise do not warrant a reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Johnson*, 127 AD3d 785, 786 [2015]; *People v Harris*, 117 AD3d 847, 859 [2014], *affd* 26 NY3d 1 [2015]).

The defendant's contention that the sentencing court imposed sentence based upon consideration of improper factors is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Aviles*, 87 AD3d 547, 548 [2011]; *People v Garson*, 69 AD3d 650, 652 [2010]). In any event, this contention is without merit (*see People v Morgan*, 27 AD3d 579, 580 [2006]; *People v Robinson*, 250 AD2d 629, 629 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.