■ The People of the State of New York, Respondent, v David Small, Appellant. [56 NYS3d 875]—Appeal by the defendant, by permission, from an order of the County Court, Orange County (De Rosa, J.), dated April 6, 2016, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered July 23, 2008, as modified by decision and order of this Court dated June 1, 2010 (*People v Small*, 74 AD3d 843 [2010]), convicting him of burglary in the second degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence, or pursuant to CPL 440.20 to set aside the sentence imposed on the burglary count.

Ordered that the order is affirmed.

The County Court properly denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate his judgment of conviction. The defendant's contention that he was denied the effective assistance of trial counsel due to counsel's strategic decision not to call the defendant's brother as an alibi witness at trial is without merit

(*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Moreover, the defendant's additional arguments regarding ineffective assistance of counsel are similarly unavailing.

Furthermore, while the defendant contends that his sentence for burglary in the second degree was illegally influenced by the County Court's consideration of his subsequently vacated conviction of attempted rape in the first degree (*see People v Small*, 74 AD3d 843 [2010]), his claim is not supported by the evidence before us (*see* CPL 440.20 [1]). Accordingly, his contention is without merit, and the denial of that branch of his motion which was pursuant to CPL 440.20 to set aside his sentence was proper. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.