People v Reyes (2019 NY Slip Op 00909)





People v Reyes


2019 NY Slip Op 00909


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-13189

[*1]The People of the State of New York, respondent,
v
Fredy Reyes, appellant. (S.C.I. No. 1351B-15)


Matthew Muraskin, Port Jefferson, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered November 2, 2016, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant's express waiver of his right to be present at sidebar conferences (see People v Antommarchi, 80 NY2d 247) was made knowingly, voluntarily, and intelligently (see People v Vargas, 88 NY2d 363, 375-378).
The defendant's contention that the identification evidence was legally insufficient to support his convictions of robbery in the first degree and robbery in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Calas, 134 AD3d 1043, 1045; People v Mais, 133 AD3d 687, 688). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court erred in denying his motion for a mistrial without conducting a Buford inquiry (see People v Buford, 69 NY2d 290) of each individual juror is without merit (see People v Mejias, 21 NY3d 73, 80; People v Terrell, 149 AD3d 1108, 1109).
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court