■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS DE VITO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Delaney, J.), rendered June 15, 1984, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion as sought suppression of physical evidence.

Judgment affirmed.

Defendant challenges the denial of his motion to suppress certain physical evidence (i.e., a nine-millimeter gun and a bag containing cocaine) which was seized from his apartment by a police officer on August 21, 1982. The officer had come upon the scene as the result of a radio transmission he received concerning an armed man loose in an apartment building. Upon entering the eighteenth floor of the building, the officer was confronted by defendant, who was armed with a rifle and was highly agitated. After persuading defendant to put the rifle down, the officer was informed by defendant that

several men had entered his apartment and attempted to rob him. Defendant further claimed that the alleged robbers were still in the apartment and that he had shot one of them.

The officer then made a quick sweep of the apartment, but found no one inside and informed defendant of this fact. However, defendant insisted that he had shot one of the men, so the officer returned to the apartment to conduct a more thorough search, during which he discovered the gun and the drugs.

Defendant's contentions that the officer's presence in the apartment was unlawful and that there was no probable cause to justify seizure of the aforementioned items are without merit. The hearing court's factual finding that a search warrant was not required for the officer to enter defendant's premises is well supported by the hearing testimony, which indicated that exigent circumstances were present at the time of his entry. Indeed, the odor of gunsmoke and the ransacked appearance of the apartment, when coupled with defendant's statements, clearly led the officer to reasonably believe that a wounded person might be inside. Defendant's repeated insistence that he had shot one of the "robbers" fueled this belief and caused the officer to engage in a more thorough search. As such, the hearing court's findings of fact have ample support in the record and should not be disturbed (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Leonti, 18 NY2d 384, cert denied 389 US 1007; People v Garafolo, 44 AD2d 86). It is well settled that where, as here, a police officer reasonably perceives that an emergency situation exists, he may enter and conduct a warrantless search of the premises (see, People v Mitchell, 39 NY2d 173, cert denied 426 US 953). Moreover, the words and actions of defendant clearly induced the officer to believe in good faith that defendant was freely consenting to a search of the apartment for the alleged robbers (cf. People v Adams, 53 NY2d 1, cert denied 454 US 854).

Likewise, the seizure of both the gun and the bag of cocaine was entirely proper and legal. The gun was inadvertently discovered by the officer while he was retrieving ammunition which was scattered about the apartment. As such, it was properly seized as contraband discovered during the course of a lawful search (see, People v Kuhn, 33 NY2d 203). Similarly, the bag of cocaine which was situated on the floor of an open closet was in the officer's plain view and thus was properly seized (see, People v Clements, 37 NY2d 675, cert denied sub nom. Metzger v New York, 425 US 911). In light of these facts,

we find that the hearing court properly denied that branch of defendant's motion which sought suppression of that evidence. Accordingly, the judgment convicting defendant is affirmed. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.