■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HARGROVE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered June 22, 1983, convicting him of rape in the first degree, sodomy in the first degree, rape in the third degree and sodomy in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which sought to suppress physical evidence and statements made to the police by the defendant.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress the items seized at his home and his statements made to the police after his arrest. The defendant's contention that the police violated his Fourth Amendment rights against entry into his home is meritless because it is clear that the defendant voluntarily consented to such entry by the police, and that the actions of the police were not coercive or improper *(see, People v Zimmerman, 101 AD2d 294; People v Gonzalez, 39 NY2d 122)*. The mere fact that the police did not advise him of his right to refuse consent does not militate against a finding that his consent was voluntary *(see, People v Gonzalez, supra)*.

The evidence established that the police had properly responded to the defendant's home to arrest him because they had probable cause to believe that he had committed the crimes for which he was subsequently convicted (see, People v Crespo, 70 AD2d 661).

Furthermore, viewing the evidence in the light most favorable to the People, it was legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Kunzeman, JJ., concur.