■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GOLOB, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered March 23, 1988, convicting him of criminal possession of a controlled substance in the third degree, crimi-

nal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing (Gallagher, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

On May 28, 1986, the police were summoned to the defendant's apartment pursuant to a telephone call to the police emergency number made by the defendant's wife. Upon arriving, they were admitted by the defendant, who was holding an Uzi submachine gun and was bleeding from a gunshot wound in the lower back. The defendant informed the officers that he had been shot by an intruder who might still be in the apartment. After taking the machine gun from the defendant, one of the two responding officers conducted a brief search for the intruder but found only the defendant's hysterical wife and daughter in the bedroom. When the defendant informed one of the officers that there were two rifles in the bedroom and described their location, the officer located and seized the weapons from the precise spot the defendant had described. Upon inquiry, the defendant's wife told the officer that there was yet another weapon, a small handgun, somewhere in the apartment, but that she did not know where it was located. The officer thereupon began to search for the gun and, noticing numerous bullet holes and spent shells in the area of the bedroom closet, opened the closet, removed and opened an attache case and found it to contain a large sum of cash. Continuing his search for the handgun, the officer entered the bathroom and observed on the counter, in plain view, a small scale, a glassine bag containing white powder, a plastic bag of vials, a glass pipe, a test tube and razor blades. He then removed the items and carried them out into the hallway. Upon seeing the items in the officer's hands and without being questioned by the officers, the defendant stated "It's all mine. My wife knows nothing about it". The defendant was then placed under arrest. One of the officers then reentered the bedroom and found the handgun on the floor behind the door.

Those branches of the defendant's omnibus motion which were to suppress the evidence seized and the statement made by him properly denied. As conceded by the defendant, the officers' entry into his apartment was fully justified based upon the emergency call to which the police were responding and the defendant's consent (see, People v Danziger, 41 NY2d

1092; *People v De Vito,* 114 AD2d 374). So too was the police officers' initial sweep of the apartment fully justified, as the defendant indicated that he thought his assailant might still be lurking about *(see, People v De Vito, supra).* Upon receiving information from the defendant that two rifles were located in the bedroom, the officers reasonably believed that seizure of those weapons was consented to by him *(see, People v De Vito, supra).* Moreover, when they learned of the existence of another small handgun, the officers were clearly justified in searching those areas of the apartment where such a weapon might be found *(see, People v De Vito, supra; People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953). It was during this lawful search that the officers inadvertently discovered the spent shell casings, a large sum of cash and drug paraphernalia *(see, People v Kuhn,* 33 NY2d 203; *People v De Vito, supra).* Finally, the defendant's statement whereby he claimed ownership of that paraphernalia was properly admitted as spontaneous and not the product of police interrogation *(see, People v Lynes,* 49 NY2d 286).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.