■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSON MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 7, 1986, convicting him of murder in the second degree (three counts), burglary in the first degree, and

sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we note that the hearing court did not err in refusing to suppress the defendant's confession. Although the defendant contends that he did not voluntarily waive his right to remain silent, this claim is in direct contradiction with the testimony of the arresting detectives, whose testimony the hearing court credited. Keeping in mind that much weight is to be accorded to the determination of the hearing court and that its findings are not to be set aside unless they are clearly erroneous (see, People v Prochilo, 41 NY2d 759; People v Bucknor, 140 AD2d 705), we cannot conclude from this record that the hearing court erred in crediting the detectives' testimony over that of the defendant (see, People v Roth, 139 AD2d 605).

The defendant further claims that the trial court failed to deliver preliminary instructions to the jury pursuant to CPL 270.40. Most of these instructions were eventually given, albeit not in the time or manner mandated by this provision. However, inasmuch as the defendant did not object to the court's noncompliance, this claim of error is unpreserved for appellate review as a matter of law (see, People v Hickey, 133 AD2d 421), and we decline to review it in the exercise of our interest of justice jurisdiction (see, CPL 470.15 [6] [a]).

Further, the trial court properly admitted into evidence several photographs depicting the murder victim. Photographs of a homicide victim are admissible if they tend to show the victim's body or wounds, or to illustrate expert testimony (People v Bell, 63 NY2d 796; People v Harris, 149 AD2d 433). Here, the photographs of the decedent were admitted to show the body as well as to corroborate the testimony of the Medical Examiner. Contrary to the defendant's contentions, there is no indication that these photographs were admitted for the sole purpose of arousing the emotions of the jury (see, People v Pobliner, 32 NY2d 356, cert denied 416 US 905).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (see, People v Ross, 158 AD2d 560; People v Boettcher, 69 NY2d 174; People v Bush, 112 AD2d 1046). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.