■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JENNINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered March 8, 1988, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court did not err in refusing to suppress the defendant's statement to the police. Notwithstanding the defendant's testimony to the contrary, the police testimony at the pretrial hearing established that the defendant's statement was spontaneous *(see, People v Stoesser,* 53 NY2d 648, 650; *People v Grimaldi,* 52 NY2d 611, 617; Richardson, Evidence, 1972-1985 Cumulative Supplement § 545 [a] [Prince 10th ed]). Keeping in mind that much weight is to be accorded the determination of the hearing court and that its findings are not to be set aside unless they are clearly erroneous *(see, People v Prochilo,* 41 NY2d 759; *People v Moore,* 161 AD2d 733), we cannot conclude from this record that the hearing court erred in crediting the police testimony over that of the defendant *(see, People v Moore, supra).*

The trial court properly admitted into evidence two bullets

which were found at the scene of the crime several months after it was committed. The bullets were sufficiently connected to the defendant to render them admissible *(see, People v McGee,* 49 NY2d 48, 59, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Mirenda,* 23 NY2d 439, 453; *People v Price,* 128 AD2d 648). Furthermore, the fact that several months had elapsed between the commission of the crime and the recovery of the bullets goes to the weight or probative force of the evidence and not its admissibility *(see, People v Martinez,* 115 AD2d 665).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.