■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. HALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 29, 1990, convicting him of criminal possession of a weapon in the third degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of his right to testify before the Grand Jury. A hearing was held on September 5, 1989, at which the defendant and Brian Davis, the attorney who was assigned to represent him following his arrest, testified. Davis's testimony clearly established that the defendant was notified of his right to testify before the Grand Jury and that the defendant knowingly and intelligently waived that right. Much weight is to be accorded to the determination of the hearing court, with its advantage of having seen and heard the witnesses, and its findings will not be set aside unless they are clearly unsupported by the record (see, People v Prochilo, 41 NY2d 759; People v Moore, 161 AD2d 733). We cannot conclude from this record that the hearing court erred in crediting Davis's testimony rather than that of the defendant (see, People v Moore, supra).

The defendant contends that the jury should not have believed the People's main witnesses because they were interested witnesses who tailored their testimony to conceal that the complainant was the initial aggressor. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be

accorded great weight on appeal and should not be overturned unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]). The testimony of the People's witnesses clearly establishes that, on the evening of December 16, 1988, the defendant was in possession of a fillet knife which he used to stab the complainant twice in the face. The attack against the complainant was unprovoked and resulted in physical injury to him. The evidence also establishes that, on the same evening, the defendant, in an effort to avoid arrest, lunged at the arresting officer with the same knife, thus giving rise to two separate and distinct offenses *(cf., Matter of Johnson v Morgenthau,* 69 NY2d 148; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 85.10, at 379).

The defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, do not warrant reversal. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.