■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAQUIN PENA, Appellant.—Judgments, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered July 25, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and upon a plea of guilty in connection with an unrelated case, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a predicate felony offender, to concurrent terms of 4½ to 9 years on the criminal sale and possession in the third degree convictions, 3 to 6 years on the criminal possession in the fourth degree conviction, and 2 to 4 years on the criminal sale in the fifth degree conviction, unanimously affirmed.

Defendant's conviction after jury trial arises out of his possession and sale of narcotics to an apprehended buyer, observed by two plainclothes narcotics officers. Although defendant and a witness in his behalf offered some evidence of innocent purpose at the location, when viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt. The differing testimony of the two arresting officers as to whether the money recovered from defendant was found in his left jacket pocket or left pants pocket, and as to whether defendant and the buyer dropped the drugs just before, or as they were placed against the lobby wall for arrest purposes, is reasonably attributable to the fast pace of the encounter, which spanned only seconds between initial observation and arrest. In any event, any issues of credibility raised by these relatively minor inconsistencies were properly placed before the jury. Their determinations, not unreasonable, will not be disturbed by this Court (see, People v Gruttola, 43 NY2d 116, 122).

As defendant did not object to the continued polling of the jurors after juror number 9 stated that she did not concur in the announced verdict, he did not preserve any claim of error

for appellate review as a matter of law (CPL 470.05; *People v Narayan,* 54 NY2d 106, 112). In any event, the continued polling of the jurors after juror number 9 responded "No" is in accordance with the specific provisions of the CPL stating that if either party makes an application that the jurors be polled "each juror separately" must be asked whether the verdict announced by the foreperson is in all respects that juror's verdict (CPL 310.80).

Contrary to defendant's argument on appeal, there is no evidence of coercion regarding the verdict. The court simply directed the jurors to continue their deliberations inasmuch as the answer by juror number 9 indicated that there was not a verdict by the entire jury. We have considered defendant's related and additional arguments and find them to be without merit.

Since the conviction after jury trial is affirmed, and there is no independent challenge to the plea conviction, it too must be affirmed. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.