■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ISAAC, Appellant. [599 NYS2d 113] —Appeal by the defendant from a judgment of Supreme Court, Kings County (Marrus, J.), rendered September 24, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On February 21, 1991, at approximately 8:30 P.M., two uniformed police officers received a radio report of "a man with a gun" on the third floor of 459 East 92nd Street, in Brooklyn. When they arrived at that address, the officers heard hysterical screams coming from apartment C-7, on the fourth floor of the apartment building. The police knocked on the door of apartment C-7 and the door was opened by the defendant. A hysterical and bruised female was standing behind the defendant. When he saw the police, the defendant tossed a silver object from his left hand towards the floor. At that point, one of the officers pulled the defendant out of the apartment. The other officer took one step into the apartment, looked in the direction that the defendant had thrown the silver object, and saw the handle of a gun sticking out of an open pocket of a black nylon bag near the apartment door. The officer seized the weapon and, upon doing so, discovered that the pocket from which it protruded also contained a box of ammunition, a pair of handcuffs, and a fake police shield. After placing the defendant under arrest, the officer seized the other evidence found in the pocket of the bag.

Despite the defendant's arguments, we find that the court properly denied suppression of the physical evidence. We agree with the hearing court's conclusion that the police officer's entry into the defendant's apartment, and subsequent discovery of the gun in plain view, was justified by the emergency doctrine *(see, People v Mitchell,* 39 NY2d 173, *cert denied* 426 US 953). In addition, since the police officer discovered the ammunition, the fake police shield, and the handcuffs from a lawfully obtained vantage point while he seized the weapon, his later seizure of the other items did not violate the defendant's rights *(see, People v De Vito,* 114 AD2d 374).

Accordingly, we find no reason to disturb the hearing court's determination.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.