■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HORN, Appellant. [602 NYS2d 162] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered October 10, 1990, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (three counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In reviewing suppression issues, great weight must be accorded to the determination of the hearing court with its particular advantages of having seen and heard the witnesses. Its determination should not be disturbed unless it is clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759; *People v Auxilly,* 173 AD2d 627). In the present case, the record supports the hearing court's conclusion that a co-occupant of the defendant's home consented to the entry by police officers *(see, People v Gonzalez,* 39 NY2d 122; *People v Auxilly, supra; People v Boylan,* 111 AD2d 928).

The defendant's contention that the court erred in failing to conduct an inquiry of a polled juror who stated that he did not agree with the verdict is without merit. The trial court properly sent the jury back to deliberate after a single polled juror answered "no" when asked if his verdict was guilty *(see,* CPL 310.80; *People v Pena,* 188 AD2d 349; *People v Cortes,* 173 AD2d 319).

It was not illegal to impose consecutive terms of imprisonment on those crimes arising from the defendant's possession of several different weapons *(see, People v Negron,* 184 AD2d 532; *People v Igartua,* 171 AD2d 547). Moreover, in light of the facts of this case, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.