■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY VASILAROPOULOS, Appellant. [725 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 3, 1995, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and a codefendant each were alleged to have committed three separate robberies. The charges were contained in a single indictment and the defendant and his codefendant were jointly tried on all counts of the indictment. During its deliberations, the jury informed the trial court that it had reached a verdict as to some, but not all of the counts. The jury also indicated that one juror had injured herself and needed medical attention. After being assured that the juror was well enough to render a verdict, the court accepted a partial verdict. The defendant and his codefendant were found guilty of one count of robbery in the first degree based upon one of the incidents and the codefendant was also found guilty based upon one of the other incidents.

During the polling of the jury, one of the jurors responded that he did not wish to continue discussing the matter. Upon specific questioning by the court, the juror affirmed emphatically that the verdict of guilt as to the defendant with respect to one of the incidents was his verdict. A second juror also expressed uncertainty concerning his verdict and the court proceeded to question him. That juror responded that he agreed with some of the verdict but not all of it. Upon further questioning by the court, the juror stated that he agreed with the verdict of guilt as to this defendant, but disagreed with one of the verdicts of guilt as to the codefendant. At that juncture, the court recorded the verdict of guilt as to the one incident for the defendant and his codefendant, but sent the jury back to further deliberate on the remaining counts of the indictment. The court refused to accept the second verdict of guilt with respect to the codefendant, and there was no objection to the taking of a partial verdict at that time. The jury continued its deliberations through the following day, and rendered the remainder of its verdict finding the defendant guilty with respect to a second incident and acquitting him on the third.

Contrary to the defendant's contention, the manner in which the trial court conducted the polling of the jury, including the questioning of two of the jurors, does not require reversal. The trial court followed the proper procedure to determine that the verdict, as rendered, reflected the unanimous conclusion of the jury. Furthermore, the procedure as conducted by the court was not coercive (*see,* CPL 310.80; *People v Horn,* 196 AD2d 886; *People v Mercado,* 230 AD2d 488, *affd* 91 NY2d 960).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,*

90 AD2d 80). O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.