■ The People of the State of New York, Respondent, v Medhat Shenouda, Appellant. [723 NYS2d 873] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 8, 1993, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion by admitting into evidence three syringes turned over to the police. The connection between the defendant and the syringes was not so tenuous as to be improbable (*see, People v Mirenda,* 23 NY2d 439, 453; *see also, People v Connelly,* 35 NY2d 171, 174; *People v Nicholson,* 231 AD2d 533; *People v Jennings,* 173 AD2d 733; *People v Morales,* 161 AD2d 806). Any uncertainty as to the identification of the syringes affects only the weight to be given to them, not their admissibility (*see, People v Julian,* 41 NY2d 340, 343; *People v Moore,* 248 AD2d 405; *People v Jason,* 210 AD2d 256; *People v Griffith,* 171 AD2d 678, 680-681). Santucci, J. P., Altman, Florio and Adams, JJ., concur.

■ The People of the State of New York, Respondent, v Vernon Smith, Appellant. [723 NYS2d 895] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 27, 1999 (*People v Smith,* 267 AD2d 483), affirming a judgment of the Supreme Court, Kings County, rendered February 20, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., Santucci, Goldstein and Florio, JJ., concur.