■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DOBSON, Also Known as KORAN RUTHERFORD, Appellant. [728 NYS2d 576] —Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 14, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the third degree.

As limited by his brief, the sole issue raised by defendant is whether County Court erred when it refused to suppress the handgun recovered by the police at his apartment. An altercation occurred outside a tavern in the City of Binghamton, Broome County, in which defendant, before fleeing, allegedly fired several shots from a handgun into the air. During their investigation, the police located defendant at a hospital where he had taken a friend who had been severely cut during the altercation. When questioned, defendant gave the police his home address and consent to search his automobile which was located outside of the hospital. After searching the automobile,

two members of the police department proceeded to defendant's apartment. After knocking on the front door and identifying themselves as police officers, they observed defendant's girlfriend, through a window, carry a plastic bag containing a heavy object from the kitchen to the bedroom where she secreted it under the bedcovers. She then opened the door and was asked by one of the officers if there was a gun in the apartment. She first denied that there was, but upon being told of the officers' observations, she retrieved the bag which contained the gun and gave it to them. During this time, the officers remained just inside the front door. Upon receipt of the gun, the officers then asked permission to search the apartment to look for three shells missing from the gun's chamber. Upon obtaining her consent, they searched the premises.

Assuming, arguendo, that the handgun was recovered as a result of a search, we find no error in County Court's refusal to suppress it. Defendant concedes that his girlfriend (and her three-year-old child) resided in the apartment with him and that she had total and complete access to all areas of the apartment. Nevertheless, he argues that the consent to search was not voluntary because the police did not advise her of her right to refuse to consent.

"Where the People rely on consent to justify an otherwise unlawful police intrusion, they bear the 'heavy burden' of establishing that such consent was freely and voluntarily given" (*People v London*, 124 AD2d 254, 255, *lv denied* 68 NY2d 1001 [citations omitted]; *see, People v Corniel*, 258 AD2d 812, 813, *lv denied* 93 NY2d 968). Whether consent has been given is a question of fact to be resolved by examining the totality of the circumstances and, therefore, great weight is afforded to the findings of the suppression court (*see, People v London, supra*, at 255). While no one factor is determinative, courts consider whether the person giving consent was in custody or under arrest (here she was not), evasive or uncooperative (here, after the initial denial, she was cooperative), advised of his or her right to refuse to consent (she apparently was not), and whether the consent was voluntary when considering the background of the person giving consent (*see, People v Gonzalez*, 39 NY2d 122, 128-130). This record contains no evidence that consent was not freely given. Moreover, it was not mandatory for the police to advise defendant's girlfriend that she may refuse to consent to the search (*see, People v London, supra*, at 255; *People v Auxilly*, 173 AD2d 627, 628, *lv denied* 78 NY2d 1125).

Cardona, P. J., Mercure, Crew III and Rose, JJ., concur. Ordered that the judgment is affirmed.