■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON HANSEN, Appellant. [742 NYS2d 666] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered March 20, 2000, convicting him of driving while intoxicated, per se, and driving while ability impaired, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial evidence established that at 1:30 A.M. on May 15, 1999, the defendant was driving a commercial pickup truck on Route 9W in the Town of Highlands, Orange County. A Town

of Highlands police officer pulled the defendant over for lack of a rear plate light. The defendant exhibited signs of alcohol consumption and admitted that he had been drinking alcohol earlier. The defendant then failed several field sobriety tests. The defendant was arrested, advised of his rights, and given a breathalyzer test. The breathalyzer registered a blood alcohol content of .12%. The defendant was convicted of, inter alia, driving while intoxicated, per se, in that he was operating a motor vehicle with .10% or more alcohol in his blood (*see* Vehicle and Traffic Law § 1192 [2]).

The defendant did not preserve for appellate review his contention that the sufficiency of the evidence of his guilt under Vehicle and Traffic Law § 1192 (2) was undermined by his expert's testimony to the effect that the breathalyzer machine used on him was unreliable (*see* CPL 470.05 [2]). In any event, viewing the evidence the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to convince a rational trier of the facts that the breathalyzer was in good working order when it recorded the defendant's blood alcohol level at .12% one hour after he was stopped by the police (*see People v Taylor,* 94 NY2d 910, 911). Contrary to the defendant's contention, there is no inconsistency between a finding of guilt under Vehicle and Traffic Law § 1192 (2) and an acquittal of common-law intoxication under Vehicle and Traffic Law § 1192 (3), where, as here, the two offenses were charged differently (*see People v Miller,* 199 AD2d 692).

The weight of the evidence, including the testimony of two expert prosecution witnesses, established that the breathalyzer machine was well maintained and was functioning properly on May 15, 1999 (*see People v Black,* 183 AD2d 969).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.