■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO A. CASIMIRO, Appellant. [764 NYS2d 198] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 16, 2002, convicting him of driving while intoxicated (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant made a pretrial motion, inter alia, to suppress breathalyzer test results on the grounds that the People had failed to provide evidence of the foundational requirement for admission of the test results and that he had not been advised of his right to an additional test administered by a physician of his choosing pursuant to Vehicle and Traffic Law § 1194 (4) (b). Contrary to the defendant's contention, the Supreme Court properly limited the scope of the pretrial suppression hearing so that the People were not required to present before trial proof of the foundational requirement. At the time of the defendant's motion there was no factual basis in the record to support his contention that the breathalyzer was not in proper working order when he was given the test, or that the ampoules used in the breathalyzer test were not of the proper kind and mixed in the proper proportions (*see* CPL 710.60 [3]; *People v Allweiss*, 48 NY2d 40 [1979]; *People v Yocher*, 197 AD2d 890 [1993]; *People v Garneau*, 120 AD2d 112, 114 [1986]). Furthermore, Vehicle and Traffic Law § 1194 (4) (b) is not applicable where, as here, the defendant expressly and voluntarily consented to administration of the breathalyzer test and there was no claim or hint of coercion (*see People v Atkins*, 85 NY2d 1007 [1995]; *People v Ward*, 307 NY 73 [1954]).

Furthermore, the People established that the breathalyzer was accurate, that it was working properly when the defendant was tested, and that the test was properly administered (*see People v Campbell*, 73 NY2d 481, 484 [1989]; *People v Mertz*, 68 NY2d 136, 148 [1986]; *People v Freeland*, 68 NY2d 699, 700 [1986]; *People v Todd*, 38 NY2d 755 [1975]). The evidence adduced at trial, which included the breathalyzer test results, the

police officers' observations, and the defendant's admissions (*see People v Contes,* 60 NY2d 620 [1983]), were legally sufficient to support the defendant's convictions beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Hansen,* 294 AD2d 598 [2002]; *People v Gangale,* 249 AD2d 413 [1998]; *People v Kane,* 240 AD2d 516 [1997]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.