■ The People of the State of New York, Respondent, v William J. Lundell, Appellant. [806 NYS2d 685]—

Appeal by the defendant from a judgment of the Supreme Court, Dutchess County (Molea, J.), rendered March 28, 2000, convicting him of driving while intoxicated (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction of driving while intoxicated is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Legagneux*, 263 AD2d 517 [1999]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was operating the motor vehicle in question while intoxicated in violation of Vehicle and Traffic Law §§ 1192 (2) and (3). The People produced testimony from two police officers that the defendant, who had been driving erratically, had watery and bloodshot eyes, slurred speech, smelled of alcohol, and failed two field sobriety tests (*see People v Casimiro*, 308 AD2d 456 [2003]; *People v Milo*, 300 AD2d 680 [2002]). This evidence was legally sufficient to support the defendant's conviction under Vehicle and Traffic Law § 1192 (3) beyond a reasonable doubt. The People also produced ample evidence that the breathalyzer test, which revealed a blood-alcohol content of .16 percent, was reliable (*see People v Mertz*, 68 NY2d 136 [1986]).

Furthermore, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Casimiro, supra; People v Gangale*, 249 AD2d 413 [1998]; *People v Kane*, 240 AD2d 516 [1997]). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.