THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON LOPEZ, Appellant. [837 NYS2d 286]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered November 2, 2005, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Aessa*, 29 AD3d 1016 [2006]; *People v Brown*, 29 AD3d 917 [2006]). Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence due to the minor inconsistencies in the testimony of the prosecution's witnesses (*see People v Owens*, 184 AD2d 533[1992]; *People v Hainson*, 161 AD2d 802 [1990]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention that the court improperly permitted testimony regarding the defendant's attire at the time of his arrest is unpreserved for appellate review (*see People v Morris*, 148 AD2d 552 [1989]). In any event, this contention is without merit (*see People v Greaves*, 12 AD3d 690 [2004]).

Contrary to the defendant's contention, there was no error in the prosecution's failure to inform the defendant of an alleged identification procedure that took place at a police precinct where the defendant was exhibited to the manager of the grocery store in which the defendant was arrested. The prosecution was not required to serve notice of this procedure pursuant to CPL 710.30 (1) (b), as the witness viewed the defendant at the precinct only to verify that he and the defendant did not know each other and that the defendant did not have permission to be in the grocery store where he was apprehended (*see People v Gonzalez*, 55 NY2d 720, 725 n 3 [1981] [Meyer, J., and Fuchsberg, J., dissenting]). In any event, the court did not permit the prosecution to inquire as to that procedure on its direct examination.

Moreover, the Supreme Court providently exercised its discretion in admitting money recovered from the defendant's pocket

into evidence. The connection between the defendant and the stolen money was not so tenuous as to be improbable. The possibility that the money had been planted on the defendant or was not stolen from the store's automatic teller machine was not so great as to make its introduction irrelevant (*see People v Mirenda*, 23 NY2d 439, 453[1969]; *People v Shenouda*, 283 AD2d 446 [2001]). Any uncertainty as to the identification of the money affects only the weight to be given this evidence, and not its admissibility (*see People v Shenouda, supra*).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit (*see People v Mirenda, supra; People v Shenouda, supra*). Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.