■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MARIETTA, Appellant. [879 NYS2d 476]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 28, 2008,

convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the results of a breathalyzer test should have been suppressed is without merit. Vehicle and Traffic Law § 1194 provides, inter alia, that any person who operates a motor vehicle in this state shall be deemed to have given consent to certain tests, including breath tests, for the purpose of determining blood alcohol content, as long as such test is administered by or at the direction of a police officer having reasonable grounds to believe such person was operating a motor vehicle while intoxicated or impaired by consumption of alcohol and within two hours after such person has been placed under arrest for any such violation (*see* Vehicle and Traffic Law § 1194 [2] [a] [1]; *see also* Vehicle and Traffic Law § 1192). Here, the defendant was arrested at 6:10 A.M., and the test at issue was administered at 7:44 A.M., less than two hours later. Thus, the test was administered within the time period contemplated by Vehicle and Traffic Law § 1194. A reasonable person in the defendant's position, innocent of any crime, would not have believed that he or she was under arrest before 6:10 A.M. (*see generally People v Yukl*, 25 NY2d 585, 589 [1969]; *People v Burry*, 52 AD3d 856, 859 [2008]). The period of time the defendant spent waiting for the arrival of the arresting officer was not unreasonable under the circumstances presented. In any event, even if the test had not been administered within two hours after the defendant's arrest, the results were still admissible into evidence. The defendant was asked to take the test, and he expressly consented. The two-hour limitation does not apply where the defendant expressly and voluntarily consents to the administration of the breath test (*see People v Atkins*, 85 NY2d 1007, 1008-1009 [1995]; *cf. People v Casimiro*, 308 AD2d 456, 456 [2003]). We find that the defendant's consent to this test was voluntary under the totality of the circumstances (*see generally People v Dobson*, 285 AD2d 737, 738 [2001]). Although the defendant was not expressly advised that he had a right to refuse to take the test, there is no requirement that a defendant be so advised, and the absence of such an advisement does not negate consent otherwise freely given (*cf. id.; People v Auxilly*, 173 AD2d 627, 628 [1991]).

The defendant's remaining contention is unpreserved for ap-

pellate review and, in any event, is without merit. Santucci, J.P., Florio, Covello and Dickerson, JJ., concur. [*See* 18 Misc 3d 1109(A), 2007 NY Slip Op 52476(U).]