■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC C. EAST, Respondent. [910 NYS2d 755]—

Appeal from an order of the Monroe County Court (John J. Connell, J.), dated June 18, 2007. The order granted the motion of defendant to dismiss the indictment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order granting that part of the omnibus motion of defendant seeking to dismiss the indictment against him. In granting the motion, County Court agreed with defendant that the People failed to comply with Vehicle and Traffic Law § 1194 (2) (f) and thus improperly presented evidence to the grand jury concerning his refusal to submit to a chemical test. We agree with the People that reversal is required. Defendant is correct that the court properly concluded that the failure of the People to comply with Vehicle and Traffic Law § 1194 (2) (f) precluded them from presenting to the grand jury evidence of defendant's refusal to submit to a chemical test (*see People v Boone*, 71 AD2d 859, 859-860 [1979]; *see generally People v Thomas*, 46 NY2d 100, 108 [1978], *appeal dismissed* 444 US 891 [1979]). Nevertheless, it is well established that "dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecuto-

rial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Carey*, 241 AD2d 748, 751 [1997], *lv denied* 90 NY2d 1010 [1997]; *see People v Sheltray*, 244 AD2d 854, 855 [1997], *lv denied* 91 NY2d 897 [1998]), and there were no such instances here. The admissible evidence presented to the grand jury established, inter alia, that the vehicle driven by defendant was weaving between lanes at a high rate of speed, that defendant failed several field sobriety tests, and that his eyes were bloodshot and his speech was slurred. Defendant also admitted that he had "[m]aybe a little" too much to drink. We thus conclude that the admissible evidence was legally sufficient to support the indictment (*see generally People v Velasquez*, 65 AD3d 1266, 1266-1267 [2009], *lv denied* 13 NY3d 911 [2009]; *People v Silvestri*, 34 AD3d 986 [2006]; *People v Lundell*, 24 AD3d 569, 570 [2005]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.