■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BARBER-MONTEMAYOR, Appellant. [30 NYS3d 450]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 5, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (§ 155.25) and criminal possession of stolen property in the fourth degree (§ 165.45 [4]). We conclude that the *Miranda* warnings provided to defendant at the outset of custodial interrogation were not deficient. The *"Miranda* prophylaxis does not require a 'ritualistic incantation of warnings in any particular language or form' " (*People v Snider*, 258 AD2d 929, 930 [1999], *lv denied* 93 NY2d 979 [1999]; *see California v Prysock*, 453 US 355, 359-360 [1981]). "The inquiry is simply whether the warnings reasonably 'conve[yed] to [a suspect] his [or her] rights as required by *Miranda*' " (*Duckworth v Eagan*, 492 US 195, 203 [1989]; *see People v Louisias*, 29 AD3d 1017, 1018-1019 [2006], *lv denied* 7 NY3d 814 [2006]). Here, the warnings adequately conveyed that defendant had the right not only to have a lawyer present during the entire questioning but to ask for or access that lawyer at any point during the questioning (*see Florida v Powell*, 559 US 50, 62-63 [2010]).

County Court did not abuse its discretion in admitting evidence of an uncharged March 4 burglary and theft, as well as evidence of defendant's possession of the stolen guns in the days after that burglary. The People were entitled to establish,

in support of the charge of criminal possession of stolen property, when and from where and whom the guns had been stolen. Moreover, the People were entitled to establish, in further support of that charge, that defendant had been in recent and exclusive possession of the stolen guns. The probative worth of the evidence on those issues outweighed any prejudicial tendency of the proof merely to show defendant's criminal propensity (*see People v Till*, 87 NY2d 835, 836-837 [1995]; *People v Ely*, 68 NY2d 520, 529 [1986]). The court also did not err in admitting in evidence the ammunition clip bearing defendant's fingerprint. The "connection between the object and the defendant . . . [was] not so tenuous as to be improbable" (*People v Mirenda*, 23 NY2d 439, 453 [1969]; *see People v Lopez*, 40 AD3d 1119, 1121 [2007]).

Defendant failed to preserve for our review his contention that the prosecutor's summation mischaracterized certain identification evidence and thus that he was denied a fair trial by prosecutorial misconduct (*see* CPL 470.05 [2]; *People v James*, 114 AD3d 1202, 1206-1207 [2014], *lv denied* 22 NY3d 1199 [2014]). In any event, there is no merit to the contention that the prosecutor mischaracterized that evidence (*see People v Sweney*, 55 AD3d 1350, 1351 [2008], *lv denied* 11 NY3d 901 [2008]), and we likewise reject defendant's contention that he was denied effective assistance of counsel as a result of defense counsel's failure to object to the comment (*see People v Lyon*, 77 AD3d 1338, 1339 [2010], *lv denied* 15 NY3d 954 [2010]).

Defendant failed to preserve for our review his contention that the court should have severed counts one through three from counts four through six of the indictment, inasmuch as he moved to sever only counts four and five from the remaining counts (*see* CPL 470.05 [2]). Moreover, whereas defendant now contends that the aforementioned evidence of the uncharged March 4 burglary and theft may have been probative of the March 5 burglary, but not of the events of March 7, he argued below that such *Molineux* evidence may have been probative in relation to the March 7 burglary and theft (counts 4 and 5), but not in relation to the March 5 incident or the charge of criminal possession of stolen property (counts 1 through 3 and 6). Additionally, defendant's present contention, i.e., that the counts arising out of the March 5 incident (counts 1 through 3) were not joinable in the first instance with the remaining counts because "not all defendants were jointly charged with every offense" (CPL 200.40 [1] [a]), is raised for the first time on appeal, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15

[6] [a]). Otherwise, we reject defendant's contention that the counts arising out of the March 5 incident should have been severed from the other counts. The counts were properly joined in the first instance pursuant to CPL 200.20 (2) (c), i.e., as "defined by the same or similar statutory provisions and consequently . . . the same or similar in law," and defendant failed to establish good cause for severance (*see* CPL 200.20 [3]). There was no material variance in the quantity of proof for the separate incidents (*see People v Ford*, 11 NY3d 875, 879 [2008]). Moreover, "[t]he incidents occurred on different dates and the evidence as to each incident was presented through entirely different witnesses," with the exception of a single witness, who was a codefendant (*id.*). The evidence of the two crimes thus "was readily capable of being segregated in the minds of the jury" (*id.*) and, indeed, the jury acquitted defendant of all charges in connection with the March 5 incident.

Defendant failed to preserve for our review his challenge to the sufficiency of the evidence to convict him (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's sentence is not unduly harsh or severe. Present—Smith, J.P., DeJoseph, NeMoyer, Troutman and Scudder, JJ.