# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**339**
**KA 14-00638**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALEXANDER BARBER-MONTEMAYOR, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 5, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny and criminal possession of stolen property in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), petit larceny (§ 155.25) and criminal possession of stolen property in the fourth degree (§ 165.45 [4]). We conclude that the *Miranda* warnings provided to defendant at the outset of custodial interrogation were not deficient. The "*Miranda* prophylaxis does not require a 'ritualistic incantation of warnings in any particular language or form' " (*People v Snider*, 258 AD2d 929, 930, *lv denied* 93 NY2d 979; *see California v Prysock*, 453 US 355, 359-360). "The inquiry is simply whether the warnings reasonably 'conve[yed] to [a suspect] his [or her] rights as required by *Miranda*' " (*Duckworth v Eagan*, 492 US 195, 203; *see People v Louisias*, 29 AD3d 1017, 1018-1019, *lv denied* 7 NY3d 814). Here, the warnings adequately conveyed that defendant had the right not only to have a lawyer present during the entire questioning but to ask for or access that lawyer at any point during the questioning (*see Florida v Powell*, 559 US 50, 62-63).

County Court did not abuse its discretion in admitting evidence of an uncharged March 4 burglary and theft, as well as evidence of defendant's possession of the stolen guns in the days after that burglary. The People were entitled to establish, in support of the charge of criminal possession of stolen property, when and from where and whom the guns had been stolen. Moreover, the People were entitled to establish, in further support of that charge, that defendant had

been in recent and exclusive possession of the stolen guns.  The
probative worth of the evidence on those issues outweighed any
prejudicial tendency of the proof merely to show defendant's criminal
propensity (*see People v Till*, 87 NY2d 835, 836-837; *People v Ely*, 68
NY2d 520, 529).  The court also did not err in admitting in evidence
the ammunition clip bearing defendant's fingerprint.  The "connection
between the object and the defendant . . . [was] not so tenuous as to
be improbable" (*People v Mirenda*, 23 NY2d 439, 453; *see People v
Lopez*, 40 AD3d 1119, 1121).

Defendant failed to preserve for our review his contention that
the prosecutor's summation mischaracterized certain identification
evidence and thus that he was denied a fair trial by prosecutorial
misconduct (*see* CPL 470.05 [2]; *People v James*, 114 AD3d 1202, 1206-
1207, *lv denied* 22 NY3d 1199).  In any event, there is no merit to the
contention that the prosecutor mischaracterized that evidence (*see
People v Sweney*, 55 AD3d 1350, 1351, *lv denied* 11 NY3d 901), and we
likewise reject defendant's contention that he was denied effective
assistance of counsel as a result of defense counsel's failure to
object to the comment (*see People v Lyon*, 77 AD3d 1338, 1339, *lv
denied* 15 NY3d 954).

Defendant failed to preserve for our review his contention that
the court should have severed counts one through three from counts
four through six of the indictment, inasmuch as he moved to sever only
counts four and five from the remaining counts (*see* CPL 470.05 [2]).
Moreover, whereas defendant now contends that the aforementioned
evidence of the uncharged March 4 burglary and theft may have been
probative of the March 5 burglary, but not of the events of March 7,
he argued below that such *Molineux* evidence may have been probative in
relation to the March 7 burglary and theft (counts 4 and 5), but not
in relation to the March 5 incident or the charge of criminal
possession of stolen property (counts 1 through 3 and 6).
Additionally, defendant's present contention, i.e., that the counts
arising out of the March 5 incident (counts 1 through 3) were not
joinable in the first instance with the remaining counts because "not
all defendants were jointly charged with every offense" (CPL 200.40
[1] [a]), is raised for the first time on appeal, and we decline to
exercise our power to review it as a matter of discretion in the
interest of justice (*see* CPL 470.15 [6] [a]).  Otherwise, we reject
defendant's contention that the counts arising out of the March 5
incident should have been severed from the other counts.  The counts
were properly joined in the first instance pursuant to CPL 200.20 (2)
(c), i.e., as "defined by the same or similar statutory provisions and
consequently . . . the same or similar in law," and defendant failed
to establish good cause for severance (*see* CPL 200.20 [3]).  There was
no material variance in the quantity of proof for the separate
incidents (*see People v Ford*, 11 NY3d 875, 879).  Moreover, "[t]he
incidents occurred on different dates and the evidence as to each
incident was presented through entirely different witnesses," with the
exception of a single witness, who was a codefendant (*id.*).  The
evidence of the two crimes thus "was readily capable of being
separated in the minds of the jury" (*id.*) and, indeed, the jury
acquitted defendant of all charges in connection with the March 5

incident.

Defendant failed to preserve for our review his challenge to the sufficiency of the evidence to convict him (*see People v Gray*, 86 NY2d 10, 19).  In any event, the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Defendant's sentence is not unduly harsh or severe.