People v Thompson (2019 NY Slip Op 01006)





People v Thompson


2019 NY Slip Op 01006


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


96 KA 17-00270

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORY C. THOMPSON, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered December 16, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree, burglary in the third degree (four counts), grand larceny in the fourth degree (three counts) and attempted grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the third degree (Penal Law
§ 160.05), defendant contends that the grand jury proceeding was defective, and that County Court erred in refusing to grant his motion to dismiss the indictment on that ground. We reject that contention.
Pursuant to CPL 210.35 (5), a grand jury proceeding is defective when "[t]he proceeding . . . fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result." This provision "is the statutory equivalent of the common-law principle that an indictment issued by a legally constituted [g]rand [j]ury need not be dismissed because of a simple technical error if the accused was not prejudiced or the fundamental integrity of the process impaired" (People v Williams, 73 NY2d 84, 90 [1989]). Consequently, "[d]ismissal under CPL 210.35 (5) is limited to instances of prosecutorial misconduct, fraud, or errors that potentially prejudice the grand jury's ultimate decision" (People v Morales, 160 AD3d 1414, 1418 [4th Dept 2018], lv denied 32 NY3d 939 [2018]; see People v East, 78 AD3d 1680, 1680-1681 [4th Dept 2010]).
Here, we reject defendant's contention that the proceeding was defective because the prosecutor gave perjury instructions regarding defendant's grand jury testimony to the same grand jury that indicted him on the set of charges upon which he was convicted, and that the court therefore erred in refusing to dismiss the indictment (see generally CPL 210.20 [1] [c]). The record establishes that the grand jury voted to indict defendant on the first set of charges before the prosecutor gave the perjury instructions. Thus, the first set of charges could not have been impacted by those instructions. Furthermore, the court later dismissed the perjury charge, and thus defendant sustained no prejudice from that indictment.
Defendant failed to preserve for our review his contention that the court erred in imposing a collection surcharge of 10% of the amount of restitution (see CPL 470.05 [2]; People v Rossborough, 160 AD3d 1486, 1487 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]; People v Kirkland, 105 AD3d 1337, 1338 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). The sentence is not unduly harsh or severe.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court